IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HEATHER EVANS,

        Plaintiff,

v.                    //   CIVIL ACTION NO. 1:15CV54
                               (Judge Keeley)

THE HONORABLE AMY J. SWISHER,
Judge, 19th Family Court Circuit
of West Virginia, DONALD NEAL,
Corporal, City of Fairmont,
West Virginia Police Department,
CITY OF FAIRMONT, a West Virginia
municipal corporation,

        Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS DONALD NEAL AND CITY OF
FAIRMONT'S MOTION TO DISMISS [DKT. NO. 35] AND GRANTING
IN PART AND DENYING IN PART DEFENDANT THE HONORABLE
AMY J. SWISHER'S MOTION TO DISMISS [DKT. NO. 33]**

Pending before the Court are motions to dismiss filed by the defendants, Donald Neal and the City of Fairmont (dkt. no. 35), and the Honorable Amy. J. Swisher (dkt. no. 33). For the following reasons, the Court **GRANTS in PART** and **DENIES in PART** the motion of Donald Neal and the City of Fairmont, and **GRANTS in PART** and **DENIES in PART** the motion of the Honorable Amy J. Swisher.

## I. FACTUAL BACKGROUND

As it must, the Court construes these facts in the light most favorable to the nonmoving party. See De'Ionta v. Johnson, 708 F.3d 520, 524 (4th Cir. 2013). The defendant, the Honorable Amy J. Swisher ("Swisher"), was a family court judge in the 19th Family

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS DONALD NEAL AND CITY OF
FAIRMONT'S MOTION  TO DISMISS [DKT. NO. 35] AND GRANTING
IN PART AND DENYING IN PART DEFENDANT THE HONORABLE
AMY J. SWISHER'S MOTION TO DISMISS [DKT. NO. 33]**

Court Circuit of West Virginia at all times relevant to this matter (dkt. no. 9 at 1). Defendant Donald Neal ("Neal") is a Corporal with the City of Fairmont Police Department (dkt. no. 29 at 2).

Swisher and Neal are longtime friends and frequent social companions. <u>Id.</u> at 6.  During the events relevant to this matter, Swisher's ex-husband was involved in a sexual relationship with the plaintiff, Heather Evans ("Evans"). <u>Id.</u> at 2. Several years prior to the filing of the complaint, Evans's former husband had been involved in the Fairmont Police Department's decision to suspend Neal for three weeks for misconduct. <u>Id.</u> at 6. Evans alleges that Neal's suspension led him to maintain a "personal vendetta" against her family.  At some point in time, Neal told Swisher's ex-husband that he "would get Evans and all her family members some day." <u>Id.</u> Indeed, in his capacity as a high school DARE officer, Neal allowed hearsay statements by another student to serve as the basis for expelling Evans's son from school. <u>Id.</u>

On February 28, 2014, Swisher secured a personal safety order ("PSO") against Evans. <u>Id.</u> at 2. Monongalia County Magistrate

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS DONALD NEAL AND CITY OF
FAIRMONT'S MOTION  TO DISMISS [DKT. NO. 35] AND GRANTING
IN PART AND DENYING IN PART DEFENDANT THE HONORABLE
AMY J. SWISHER'S MOTION TO DISMISS [DKT. NO. 33]**

Darris Summers conducted the final PSO hearing[1] on March 19, 2014, during which he stated that the PSO was to remain in effect for one year. Notwithstanding that directive, in what appears to be a scrivener's error, the written order provided that it would remain in effect only until March 18, 2014, the same day it was entered. Id. at 3. Although the order noted that Evans was to "stay away from [Swisher's] place of employment," Magistrate Summers orally instructed the parties that Evans was permitted to conduct necessary business at the Marion County Courthouse, including on the third floor where Swisher's office was located, so long as Evans "made every effort to avoid [her]." Id.

On April 2, 2014, Swisher and her ex-husband participated in a post-divorce hearing conducted in family court in Charleston, West Virginia. Id. Swisher and her counsel appeared in person, while her ex-husband appeared by telephone from Fairmont, West Virginia. Id. Evans also was present with Swisher's ex-husband. Id. During the hearing, the parties concluded that Swisher's ex-husband

---

[1]The chief judge of the Circuit Court of Marion County disqualified all magistrates from presiding over the final PSO hearing and referred the matter to Magistrate Summers in Monongalia County (dkt. no. 29 at 2).

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS DONALD NEAL AND CITY OF
FAIRMONT'S MOTION  TO DISMISS [DKT. NO. 35] AND GRANTING
IN PART AND DENYING IN PART DEFENDANT THE HONORABLE
AMY J. SWISHER'S MOTION TO DISMISS [DKT. NO. 33]**

owed her $100 for a property settlement payment. Id. at 4. Following the hearing, which concluded at 11:50 a.m., Swisher's ex-husband and Evans went to the Marion County Courthouse to leave the payment with Swisher's chambers' staff. Id.

Later that afternoon, upon returning to her chambers from Charleston, Swisher learned from the deputy sheriff that her ex-husband and a female companion had been there earlier. Id. Swisher then contacted the courthouse IT manager to view a courthouse surveillance video from earlier that day. Id. The video showed Swisher's ex-husband approach her office door, while Evans sat at a table "going through her purse." Id. Swisher later told the state Judicial Investigation Commission ("Commission") she had been fearful that "they were coming after me," and that her ex-husband had reached a "blow up point" during the divorce hearing. Id. at 5. The Commission's review of the hearing, however, indicated that the judge's ex-husband has been calm throughout the proceeding. Id.

Swisher next contacted the Fairmont police chief, who in turn contacted the county prosecutor and Neal. Id. The police chief, together with the county prosecutor, Neal, and Swisher, all examined the video and read the PSO. Id. The prosecutor found

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS DONALD NEAL AND CITY OF FAIRMONT'S MOTION TO DISMISS [DKT. NO. 35] AND GRANTING IN PART AND DENYING IN PART DEFENDANT THE HONORABLE AMY J. SWISHER'S MOTION TO DISMISS [DKT. NO. 33]**

probable cause to charge Evans with violating the PSO and sought a warrant for her arrest. Id. The police chief, prosecutor, and Neal later told the Commission that Swisher did not inform them that Magistrate Summers had granted Evans permission to conduct business at the courthouse so long as she avoided Swisher. Id. All three told the Commission that they were "unaware" that the PSO had expired.[2] Id. The police chief and county prosecutor told the Commission that they would not have sought to arrest Evans had they known of the oral parameters imposed by Magistrate Summers, or of the expiration of the PSO. Id. at 6. Evans alleged that she was not aware that Neal had made a similar statement, suggesting by inference that he would have sought her arrest anyway. Id.

The next day, on April 3, 2015, the police chief, Neal, and Swisher sought a warrant for Evans's arrest from a Marion County magistrate. Id. at 6. The magistrate refused to issue the warrant, however, after finding that Evans's presence in the courthouse was not a threat to Swisher. Id. at 7. Swisher then inquired which magistrate would be on night duty. Id. Later that evening, Neal and

---

[2]This appears to conflict with the complaint's claim that the Police Chief, prosecutor, and Neal all examined the PSO.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS DONALD NEAL AND CITY OF
FAIRMONT'S MOTION  TO DISMISS [DKT. NO. 35] AND GRANTING
IN PART AND DENYING IN PART DEFENDANT THE HONORABLE
AMY J. SWISHER'S MOTION TO DISMISS [DKT. NO. 33]**

Swisher sought the warrant from the night duty magistrate, who agreed to issue it. <u>Id.</u> The magistrate who issued the warrant later told the Commission that Swisher never informed him about the oral parameters of the PSO; had he been aware of them, he stated that he would have refused to issued the warrant. <u>Id.</u>

Pursuant to the warrant, Evans was arrested at approximately 7:30 p.m. on April 3, 2014, and detained in the regional jail. <u>Id.</u> The next morning, she was arraigned and released on $1,000 bond. <u>Id.</u> On July 30, 2014, Evans appeared in front of Magistrate Summers, who dismissed the PSO violation charge, finding that Evans was not a threat to Swisher, who was in Charleston, West Virginia, during the time Evans was in the courthouse. <u>Id.</u> at 7-8.

## II.  PROCEDURAL BACKGROUND

Initially, Evans filed a complaint in this Court on March 27, 2015, naming as defendants Neal in his individual and official capacities; the City of Fairmont ("the City"); Swisher in her individual and official capacities; and the Supreme Court of Appeals of West Virginia ("SCAWV") (dkt. no. 1). The defendants all filed motions to dismiss the complaint (dkt. nos. 9, 11 and 18).

During a scheduling conference in this case on January 6,

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS DONALD NEAL AND CITY OF
FAIRMONT'S MOTION  TO DISMISS [DKT. NO. 35] AND GRANTING
IN PART AND DENYING IN PART DEFENDANT THE HONORABLE
AMY J. SWISHER'S MOTION TO DISMISS [DKT. NO. 33]**

2016, the Court took up the pending motions and dismissed with prejudice all claims against the SCAWV, and against Neal and Swisher in their official capacities (dkt. no. 27). It also dismissed with prejudice Evans's claims against the City for malicious prosecution, abuse of process, false imprisonment, intentional infliction of emotional distress, and conspiracy. <u>Id.</u> That left intact Evans's claims for malicious prosecution, abuse of process, false imprisonment, and intentional infliction of emotional distress against Swisher in her individual capacity. All other claims were dismissed without prejudice. <u>Id.</u> The Court also granted Evans leave to amend her complaint by no later than January 21, 2016. <u>Id.</u>

Evans filed an amended complaint on January 20, 2016 (dkt. no. 29), in which none of the claims dismissed with prejudice from the initial complaint were re-asserted.[3] <u>Id.</u>  However, included in the amended complaint were all of the previously asserted claims from the original complaint that remained or had been dismissed without prejudice.  These include:

_____

[3] Although SCAWV is included in the caption of the amended complaint, it is no longer a party in this action.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS DONALD NEAL AND CITY OF
FAIRMONT'S MOTION  TO DISMISS [DKT. NO. 35] AND GRANTING
IN PART AND DENYING IN PART DEFENDANT THE HONORABLE
AMY J. SWISHER'S MOTION TO DISMISS [DKT. NO. 33]**

- Count One:    Deprivation of Civil Rights Under Color of State Law (42 U.S.C. § 1983);
- Count Two:    Malicious Prosecution;
- Count Three:  Abuse of Process;
- Count Four:   False Imprisonment;
- Count Five:   Negligence;
- Count Six:    Gross Negligence;
- Count Seven:  Intentional Infliction of Emotional Distress;
- Count Eight:  Conspiracy; and
- Count Nine:   Imputation of Conduct.

Id. The amended complaint also includes a claim for punitive damages. Id.

On February 3, 2016, Neal and the City moved to dismiss a number of these claims for failure to state a claim, insufficient pleadings, and civil immunity (dkt. no. 35). Neal and the City moved to dismiss Counts One, Five, Six, and the claim for punitive damages. Id. Additionally, Neal moved to dismiss Count Eight and the City moved to dismiss Count Nine. Id. Swisher also moved to dismiss Counts One, Five, Six, and Eight for failure to state a claim and insufficient pleadings (dkt. no 33).  The motions are fully briefed and are ripe for disposition.

### III. LEGAL STANDARD

Fed. R. Civ. R. 12(b)(6) is not a procedure to resolve contests surrounding the facts or the merits of a claim. See

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS DONALD NEAL AND CITY OF
FAIRMONT'S MOTION  TO DISMISS [DKT. NO. 35] AND GRANTING
IN PART AND DENYING IN PART DEFENDANT THE HONORABLE
AMY J. SWISHER'S MOTION TO DISMISS [DKT. NO. 33]**

Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.
1992). In reviewing the sufficiency of a complaint, a district
court "'must accept as true all of the factual allegations
contained in the complaint.'" Anderson v. Sara Lee Corp., 508 F.3d
181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89,
94 (2007)).

While a complaint does not need detailed factual allegations,
however, a plaintiff's obligation to provide the grounds of his
entitlement to relief requires more than mere labels and
conclusions, and a formulaic recitation of the elements of a cause
of action will not do. See Bell Atl. Corp. v. Twombly, 550 U.S.
544, 555 (2007). Indeed, courts "are not bound to accept as true a
legal conclusion couched as a factual allegation." Papasan v.
Allain, 478 U.S. 265, 286 (1886).

In considering whether the facts alleged are sufficient, "a
complaint must contain 'enough facts to state a claim to relief
that is plausible on its face.'" Anderson, 508 F.3d at 188 (quoting
Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). "A claim
has facial plausibility when the plaintiff pleads factual content
that allows the court to draw the reasonable inference that the

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS DONALD NEAL AND CITY OF
FAIRMONT'S MOTION  TO DISMISS [DKT. NO. 35] AND GRANTING
IN PART AND DENYING IN PART DEFENDANT THE HONORABLE
AMY J. SWISHER'S MOTION TO DISMISS [DKT. NO. 33]**

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal,
556 U.S. 662, 678 (2009). This requires "more than a sheer
possibility that a defendant has acted unlawfully."  Id.

## IV. ANALYSIS

### A.  Count One: Deprivation of Civil Rights Under Color of State Law (42 U.S.C. § 1983)

Evans claims Swisher and Neal acted under "authority" or
"color" of state law when they deprived her of life or liberty
without due process as guaranteed under the Fourteenth Amendment of
the Constitution of the United States (dkt. no. 29 at 8). She
claims that Swisher and Neal violated her rights by wrongfully
arresting and imprisoning her. Id. Evans also contends that their
actions should be "imputed" to the City because the City's
"sanctioning" of Neal's actions "add[ed] to" the deprivation. Id.

Under 42 U.S.C. § 1983, Evans may bring a claim against a
person who, under color of "statute, ordinance, regulation, custom,
or usage," deprives her of rights guaranteed under the United
States Constitution or other federal laws. To prevail on such a
claim, Evans must prove two elements, first that the conduct
complained of was committed by a person acting under color of law,

10

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS DONALD NEAL AND CITY OF
FAIRMONT'S MOTION  TO DISMISS [DKT. NO. 35] AND GRANTING
IN PART AND DENYING IN PART DEFENDANT THE HONORABLE
AMY J. SWISHER'S MOTION TO DISMISS [DKT. NO. 33]**

and second that the conduct deprived her of rights, privileges, or immunities secured to her by the Constitution and the laws of the United States. See Mentavlos v. Anderson, 249 F.3d 301, 310 (4th Cir. 2001) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970)). As the Supreme Court of the United States has noted, § 1983 is "not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred [and] ... analysis [of a § 1983 claim] begins by identifying the specific constitutional right allegedly infringed." Graham v. Connor, 490 U.S. 386, 394 (1989).

Generally, a public employee acts under color of law "while acting in his official capacity or while exercising his responsibilities pursuant to state law." Conner v. Donnelly, 42 F.3d 220, 223 (4th Cir. 1994) (quoting West v. Atkins, 487 U.S. 42, 50 (1988)). Municipalities, however, are only liable under § 1983 when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ." Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694 (1978). Accordingly, "[u]nless a government entity has a policy

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS DONALD NEAL AND CITY OF
FAIRMONT'S MOTION  TO DISMISS [DKT. NO. 35] AND GRANTING
IN PART AND DENYING IN PART DEFENDANT THE HONORABLE
AMY J. SWISHER'S MOTION TO DISMISS [DKT. NO. 33]**

or custom of discrimination, a court will not attribute an individual's constitutional violations to the government entity." Lefemine v. Wideman, 758 F.3d 551, 557 (4th Cir. 2014). Finally, a "municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell, 436 U.S. at 691; see also Jones v. Mullins Police Dept., 355 Fed. Appx. 742, 748 (4th Cir. 2009).

   *1. Count One as to Defendant Neal*

   Neal contends that the Fourteenth Amendment due process claim is not a valid pathway for alleging a § 1983 violation (dkt. no. 36 at 8).  He acknowledges that a violation of the Fourth Amendment could be a valid basis for a claim here because it defines a more specific process due for seizures of persons or property in pre-trial criminal cases. Id. at 10. Evans argues that she has asserted a valid claim for relief under the Fourteenth Amendment because of the assertions of other state law claims, such as malicious prosecution, abuse of process, and false arrest[4] (dkt. no. 38 at 3). She does concede, however, that the Fourth Amendment would also be appropriate because her claim relates to her actual arrest and

---

[4]Evans's amended complaint does not assert a claim for "false arrest," although it alludes to a wrongful arrest under a false warrant. Rather, it contains a claim for "false imprisonment."

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS DONALD NEAL AND CITY OF
FAIRMONT'S MOTION  TO DISMISS [DKT. NO. 35] AND GRANTING
IN PART AND DENYING IN PART DEFENDANT THE HONORABLE
AMY J. SWISHER'S MOTION TO DISMISS [DKT. NO. 33]**

incarceration, and not a right to be free from prosecution except
upon probable cause (dkt. no. 38 at 4). Neal, however, maintains
that the Fourteenth Amendment is not an appropriate cause of action
when other areas of the Constitution provide for more concrete
protection (dkt. no. 39 at 3-5).

Here, Evans's amended complaint meets the first requirement of
§ 1983, in alleging that Neal acted under color of state law when
he took his actions in his capacity as a police corporal. He was
not a party to the PSO, but was responding to a complaint and phone
call from the police chief when he viewed the video and sought the
warrant (dkt. no. 29 at 5).

Generally, "a public employee acts under color of state law
while acting in his official capacity or while exercising his
responsibilities pursuant to state law." West v. Atkins, 487 U.S.
42, 50 (1988); see also Lugar v. Edmondson Oil Co., 457 U.S. 922,
936, n. 18 (1982) (noting that "state employment is generally
sufficient to render the defendant a state actor"); Conner, 42 F.3d
at 223. Here, even though he may have had personal motivations,
Neal's actions were performed while he was working in his official
capacity, and thus were undertaken under color of state law.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS DONALD NEAL AND CITY OF
FAIRMONT'S MOTION  TO DISMISS [DKT. NO. 35] AND GRANTING
IN PART AND DENYING IN PART DEFENDANT THE HONORABLE
AMY J. SWISHER'S MOTION TO DISMISS [DKT. NO. 33]**

<u>Conner</u>, 42 F.3d at 223.

Neal is correct, however, in noting that the amended complaint fails to adequately allege that his actions deprived Evans of a specific right secured by federal law.  The Fourteenth Amendment does not define a right under which Evans may claim relief. The Fourth Circuit Court of Appeals has adopted the view that the appropriate foundation for a § 1983 claim for false arrest or malicious prosecution is "a seizure that was violative of the Fourth Amendment." <u>Lambert v. Williams</u>, 223 F.3d 257, 261-62 (2000) (quoting <u>Brooks v. City of Winston-Salem, N.C.</u>, 85 F.3d 178 (4th Cir. 1996)); <u>see also</u> <u>Taylor v. Waters</u>, 81 F.3d 429, 436 (4th Cir. 1996).

As well, the Supreme Court has opined that "[w]here a particular Amendment provides an explicit textual source of constitutional protection, . . . that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims" and "substantive due process may not furnish the constitutional peg on which to hang a tort." <u>Albright v. Oliver</u>, 510 U.S. 266, 271, 273, n. 4 (1994) (plurality opinion) (internal quotations omitted)).

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS DONALD NEAL AND CITY OF
FAIRMONT'S MOTION  TO DISMISS [DKT. NO. 35] AND GRANTING
IN PART AND DENYING IN PART DEFENDANT THE HONORABLE
AMY J. SWISHER'S MOTION TO DISMISS [DKT. NO. 33]**

Section 1983 only creates a cause of action to enforce federal rights created elsewhere. Because the Fourth Amendment—and not the Fourteenth Amendment—is the clearly established federal right to be evaluated under § 1983 in the case at hand, Evans has not stated a claim upon which relief can be granted. Therefore, the Court **GRANTS** the motion to dismiss Count One as it pertains to Neal.

*2. Count One as to Defendant City of Fairmont*

The City seeks to dismiss Count One of Evans's amended complaint on the basis that it does not relate Neal's actions to a City policy or custom (dkt. 36 at 4-7). In her response, Evans highlights the fact that the police chief was involved in the matter, and asserts that the City failed to train or supervise Neal appropriately (dkt. no. 38 at 2-3). The City, however, counters that municipalities cannot be held liable on a basis of <u>respondeat superior</u>, and that Evans did not assert that the police chief was involved in any way after the first magistrate declined to issue the warrant (dkt. no. 39 at 2-3).

Evans's amended complaint is devoid of any indication that Neal's allegedly improper actions were directed, overseen, or approved by the City under any policy or custom. Nor has Evans

15

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS DONALD NEAL AND CITY OF
FAIRMONT'S MOTION  TO DISMISS [DKT. NO. 35] AND GRANTING
IN PART AND DENYING IN PART DEFENDANT THE HONORABLE
AMY J. SWISHER'S MOTION TO DISMISS [DKT. NO. 33]**

alleged that Neal is a "policy making official" with any "final

policy making authority." Pembaur v. City of Cincinnati, 475 U.S.

469, 481-481 (1986). Finally, it is beyond argument that the theory

of respondeat superior simply is not available for finding

liability here. See Monell, 436 U.S. at 691. Therefore, the Court

**GRANTS** the motion to dismiss Count One as it pertains to the City.

　　*3. Count One as to Defendant Swisher*

　　Swisher seeks dismissal of Count One on the ground that Evans

does not identify any conduct establishing that Swisher was acting

under color of state law during the relevant time period (dkt. 34

at 7). In response, Evans argues that it was by virtue of Swisher's

position that she learned of Evans's presence in the courthouse and

viewed the video.  She also contends that Swisher's position

allowed her to be "less than forthright" about the oral parameters

of the PSO when she conferred with the police chief, county

prosecutor, and magistrates (dkt. no. 37 at 3). Further, Evans

asserts that Swisher "enlisted state actors to carry out her

wrongful scheme" (dkt. no. 37 at 5). For her part, Swisher argues

that the amended complaint is based upon a false premise that §

1983 liability can be imposed merely because she was a judge rather

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS DONALD NEAL AND CITY OF
FAIRMONT'S MOTION TO DISMISS [DKT. NO. 35] AND GRANTING
IN PART AND DENYING IN PART DEFENDANT THE HONORABLE
AMY J. SWISHER'S MOTION TO DISMISS [DKT. NO. 33]**

than because she acted with the authority of that position (dkt. no. 40 at 3). Clearly, that is not Evans's argument; she contends that indeed it was the authority of Swisher's position that facilitated her wrongful conduct.

Contrary to the actions of Neal, it is less clear whether Swisher acted under color of state law by misusing the power and authority she possessed because of her judicial position. The Supreme Court of the United States has stated that "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law." United States v. Classic, 313 U.S. 299, 326 (1941); see also Monroe v. Pape, 365 U.S. 167, 187 (citing Classic standard); Conley v. Ryan, 92 F.Supp.3d 502, 519 (S.D.W.Va. Mar. 13, 2015) (quoting Classic). Did Swisher visit the magistrates as a judge during work hours, in her robe? Would a party to a PSO normally accompany law enforcement to seek a warrant? While more discovery likely would uncover the answers to such questions, at this stage of the case, Evans has pled sufficient facts that Swisher misused her power, thereby satisfying the first requirement of a § 1983 claim — that Swisher

17

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS DONALD NEAL AND CITY OF
FAIRMONT'S MOTION  TO DISMISS [DKT. NO. 35] AND GRANTING
IN PART AND DENYING IN PART DEFENDANT THE HONORABLE
AMY J. SWISHER'S MOTION TO DISMISS [DKT. NO. 33]**

acted under color of state law.

However, even assuming Evans has adequately pled that Swisher was acting under color of state law, Count One of the amended complaint still fails for the same reasons it fails as to Neal – it pleads only a violation of the overly general Fourteenth Amendment. Therefore, the Court **GRANTS** the motion to dismiss Count One as it pertains to Swisher.

**B.    Counts Five and Six: Negligence and Gross Negligence**

Evans alleges that Swisher and Neal acted unreasonably, failed to exercise an ordinary degree of care, and proximately caused her harm (dkt. no. 29 at 10-11). She follows this by alleging that Swisher and Neal should be held to an "even higher standard of care" given their experience with the law and their respective positions in the community. Id. The motions to dismiss these claims filed by Swisher, Neal, and the City are premised on the ground that factual allegations in the amended complaint support only claims of  intentional, deliberate, and even malicious conduct (dkt no. 34 at 7-8; dkt. no. 36 at 12).

Evans response to that argument asserts that the circumstances supporting her claims of deliberate conduct also "amounted to both

18

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS DONALD NEAL AND CITY OF
FAIRMONT'S MOTION  TO DISMISS [DKT. NO. 35] AND GRANTING
IN PART AND DENYING IN PART DEFENDANT THE HONORABLE
AMY J. SWISHER'S MOTION TO DISMISS [DKT. NO. 33]**

negligence and gross negligence" (dkt. no. 38 at 5; dkt. no. 37 at 6). Although the defendants agree that a plaintiff can offer alternative claims for relief, they argue that such claims cannot survive here in light of the facts alleged (dkt. no. 39 at 6; dkt. no. 6).

As a rule, "plaintiffs [cannot] prevail on a claim of simple negligence based on [a defendant's] intentional act." <u>Smith v. Lusk</u>, 533 Fed. Appx. 280, 284 (4th Cir. 2013) (citing <u>Stone v. Rudolph</u>, 32 S.E.2d 742, 748 (W.Va. 1944) ("A wilful act is an intentional act, and, strictly speaking, there can be no such thing as wilful negligence, because negligence conveys the idea of inadvertence as distinguished from premeditation or formed intention.")); <u>see also</u> <u>Kennedy v. Riffle</u>, 2015 WL 5031743, at *2 (N.D.W. Va. Aug. 25, 2015) ("Courts have long distinguished between wanton or willful conduct and mere negligence). Simply claiming that actions could be negligent or grossly negligent does not negate the intentional nature of the actions pled in Evans's factual allegations.

Indeed, a review of the allegations in the amended complaint establishes a pattern of intentional acts on the part of Swisher

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS DONALD NEAL AND CITY OF
FAIRMONT'S MOTION  TO DISMISS [DKT. NO. 35] AND GRANTING
IN PART AND DENYING IN PART DEFENDANT THE HONORABLE
AMY J. SWISHER'S MOTION TO DISMISS [DKT. NO. 33]**

and Neal. Count One incorporates all of the factual allegations of intentional acts by the defendants (dkt. no. 29 at 8). Counts Two, Three, Four, and Seven specifically allege intentional torts as causes of action (dkt. no. 29 at 9, 10, and 13). Further, Count Eight, Conspiracy, requires "concerted" action. See Dunn v. Rockwell, 689 S.E.2d 255, 268 (W.Va. 2009); see also Mallamo v. Town of Rivesville, 477 S.E.2d 525, 533-534 (W.Va. 1996) (finding that conspiracy is "an intentional act, not a negligent one").

Relying on Evans's own words, it is clear that the alleged conduct can only be described as deliberate, willful, and intentional — not negligent. The Court therefore **GRANTS** the motions to dismiss of Swisher, Neal, and the City as they pertain to Counts Five and Six.

## C.   Count Eight: Civil Conspiracy

The amended complaint alleges that the conduct of Swisher and Neal in Counts One through Seven resulted from "their combining to commit" the alleged acts (dkt. no. 29 at 13). Both Swisher and Neal have moved to dismiss for two reasons. First, they argue that Evans failed to plead any underlying tort and, second, because the claim does not allege that Swisher and Neal had an agreement to act

20

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS DONALD NEAL AND CITY OF
FAIRMONT'S MOTION  TO DISMISS [DKT. NO. 35] AND GRANTING
IN PART AND DENYING IN PART DEFENDANT THE HONORABLE
AMY J. SWISHER'S MOTION TO DISMISS [DKT. NO. 33]**

together to harm Evans, as opposed to acting independently (dkt. no. 34 at 8-9; dkt. no. 36 at 17-18).

A conspiracy requires "a combination of two or more persons by concerted action to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means." <u>Dunn</u>, 689 S.E.2d at 268; <u>see also</u> <u>Hays v. Bankers Trust Co. Of California</u>, 46 F.Supp.2d 490, 497 (S.D.W.Va. Apr. 19, 1999) ("At its most fundamental level, a civil conspiracy is a combination to commit a tort." (internal quotations omitted)).

Here, as to an underlying tort in Count Eight, the amended complaint "restates" the fact alleged in the preceding paragraphs of the complaint (dkt. no. 29 at 13). Those paragraphs plead the torts of malicious prosecution, abuse of process, false imprisonment, and intentional infliction of emotional distress (dkt. no. 29 at 13).  Thus, Evans has sufficiently pled underlying torts.

As to the alleged agreement between Swisher and Neal, the amended complaint states that Swisher and Neal were "longtime friends and frequent social companions" (dkt. no. 29 at 6); additionally, it alleges that together they sought out a second

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS DONALD NEAL AND CITY OF
FAIRMONT'S MOTION TO DISMISS [DKT. NO. 35] AND GRANTING
IN PART AND DENYING IN PART DEFENDANT THE HONORABLE
AMY J. SWISHER'S MOTION TO DISMISS [DKT. NO. 33]**

magistrate after the first magistrate declined to issue a warrant
for Evans's arrest. Id. at 7. Thus, on its face, the amended
complaint sufficiently alleges a conspiracy between Swisher and
Neal to work together to harm Evans. The Court therefore **DENIES**
the motions to dismiss Count Eight of the amended complaint.

**D.    Count Nine: Imputation of Conduct**

Count Nine of the amended complaint alleges that Neal's
actions "occurred in his role as a police officer for the City of
Fairmont," and that, in terms of "supervision [and] training," his
actions are imputable to the City "where applicable" (dkt. no. 29
at 14). It further alleges that such imputation makes the City
"equally liable" for Neal's conduct. Id. at 14. Specific paragraphs
alleging imputation of conduct to the City are also found in part
of Counts One, Five, and Six (dkt. no. 29 at 8, 11, and 12).

The City moves to dismiss all claims of imputation of Neal's
wrongful conduct based on insufficient pleading, arguing Evans has
pled no facts alleging any actions by the City, and that the claim
therefore amounts to a mere legal conclusion (dkt. no. 36 at 15-

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS DONALD NEAL AND CITY OF
FAIRMONT'S MOTION  TO DISMISS [DKT. NO. 35] AND GRANTING
IN PART AND DENYING IN PART DEFENDANT THE HONORABLE
AMY J. SWISHER'S MOTION TO DISMISS [DKT. NO. 33]**

16).[5]  Significantly, it does not appear that "imputation of conduct" is a separate cause of action under West Virginia law. Moreover, under § 1983, a claim in Count One for imputation of conduct must be construed as one for vicarious liability under respondeat superior. As previously discussed, the City cannot be held liable under § 1983 on a respondeat superior theory. Monell, 436 U.S. at 691.

Furthermore, the West Virginia Tort Claims Act ("WVTCA") seeks to "limit liability of political subdivisions and provide immunity to political subdivisions in certain circumstances . . . ." W. Va. Code § 29-12A-1. Notably, the WVTCA provides that "political subdivisions are liable for injury, death, or loss to persons or property that is cause by the negligence of their employees . . . ." W. Va. Code § 29-12A-4(c) (emphasis added). As the Court has already dismissed Counts Five and Six against all of the defendants because the factual allegations contained in those counts support

---

[5]The City also argues dismissal pursuant to res judicata because Counts Two, Three, Four, Seven, and Eight against the City were previously dismissed with prejudice (dkt No. 36 at 14; dkt. no. 27). While true, the Court need not delve into the res judicata basis of the City's motion to dismiss because the claims fail for the separate reasons that follow.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS DONALD NEAL AND CITY OF
FAIRMONT'S MOTION  TO DISMISS [DKT. NO. 35] AND GRANTING
IN PART AND DENYING IN PART DEFENDANT THE HONORABLE
AMY J. SWISHER'S MOTION TO DISMISS [DKT. NO. 33]**

only intentional conduct, not negligence, the WVTCA provides civil immunity to the City for any claim of imputed intentional conduct. Accordingly, the Court **GRANTS** the City's motion and **DISMISSES** Count Nine.

**E.   Punitive Damages**

Evans's amended complaint seeks to recover punitive damages for malicious prosecution, gross negligence, and conspiracy, as well as generally within the ad damnum clause (dkt. no. 29 at 8, 12, 13, and 14). Neal and the City have moved to dismiss the punitive damages claim against them, and argue that West Virginia law prohibits such an award against a political subdivision or its employees. Citing Arbaugh v. Board of Ed., 329 F. Supp. 2d 762 (N.D.W.Va. Aug. 6, 2004), Evans contends that punitive damages may be applicable in cases where they otherwise would be barred because of civil immunity whenever an employee's actions are "outside the scope of his employment." Neal and the City respond that Evans has not alleged that he was acting outside the scope of his employment when he sought the warrant to arrest Evans.

Under the WVTCA, "[i]n any civil action involving a political subdivision or any of its employees as a party defendant, an award

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS DONALD NEAL AND CITY OF
FAIRMONT'S MOTION  TO DISMISS [DKT. NO. 35] AND GRANTING
IN PART AND DENYING IN PART DEFENDANT THE HONORABLE
AMY J. SWISHER'S MOTION TO DISMISS [DKT. NO. 33]**

of punitive or exemplary damages against such political subdivision is prohibited." W.Va. Code 29-12A-7(a). Notwithstanding this prohibition, the law allows for an award of punitive damages against employees sued in their individual capacities who act outside the scope of their employment. See Huggins v. City of Westover Sanitary Sewer Bd., 712 S.E.2d 482 (W.Va. 2011).

The punitive damage claim in the ad damnum clause at the end of the amended complaint also applies to the § 1983 claim Evans asserted against Neal in Count One. Under § 1983, although "'municipalit[ies are] immune from punitive damages under 42 U.S.C. § 1983,' individual defendants can still be held liable for punitive damages, as 'punitive damages might be awarded in appropriate circumstances in order to punish violations of constitutional rights.'" Robinette v. Judy, 2015 WL 7272378, at *5 (N.D.W.Va. April 28, 2015) (quoting City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 268, 271 (1981)). Thus, the question is whether Neal or the City can be liable for punitive damages based on the allegations in the amended complaint.

1. Punitive Damages as to Defendant Neal

In Counts Two, Three, Four, Seven, and Eight, the remaining

25

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS DONALD NEAL AND CITY OF
FAIRMONT'S MOTION  TO DISMISS [DKT. NO. 35] AND GRANTING
IN PART AND DENYING IN PART DEFENDANT THE HONORABLE
AMY J. SWISHER'S MOTION TO DISMISS [DKT. NO. 33]**

state law claims, the amended complaint alleges that Neal acted in his individual capacity, outside the scope of his employment. Evans alleges that Neal went outside the scope of his employment when he made the second request for a warrant to the night shift magistrate after the first request had been denied for lack of probable cause (dkt. no. 29 at 7). Moreover, Neal commented to Evans's ex-husband that he "would get" her and her family someday.  When combined with the fact that Swisher and Neal had a personal friendship, these allegations make it plausible that Neal's actions were not impelled by official business but rather because of his long standing personal vendetta against Evans. Id. at 6.

West Virginia allows for an assessment of punitive damages on the state law claims against Neal in his individual capacity if in fact he acted outside his scope of employment.  Accordingly, at this early stage of the litigation, the Court **DENIES** the motion to dismiss the punitive damages claim as it pertains to Evans's state law claims against Neal. Of course, the dismissal of Count One precludes any award of punitive damages against Neal for violations of § 1983.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS DONALD NEAL AND CITY OF
FAIRMONT'S MOTION  TO DISMISS [DKT. NO. 35] AND GRANTING
IN PART AND DENYING IN PART DEFENDANT THE HONORABLE
AMY J. SWISHER'S MOTION TO DISMISS [DKT. NO. 33]**

2. <u>Punitive Damages as to the City</u>

Evans's amended complaint presents no factual allegations that any City employee besides Neal was involved in wrongdoing. Neither the county prosecutor, who was not a city employee, nor the police chief, pursued a warrant for Evans's arrest from the second magistrate judge. <u>Id.</u> at 6. Further, given the Court's rulings pertaining to municipal immunity under 42 U.S.C. § 1983 and the dismissal of Evans's imputation of conduct claim, the City cannot be held liable for punitive damages. Accordingly, the Court **GRANTS** the motion to dismiss any claim for punitive damages pertaining to the City.

### V. CONCLUSION AND SUMMARY OF RULINGS

For the reasons discussed, the Court:

1.  **GRANTS** the motion of the defendants Neal and the City of Fairmont to dismiss **Count One**, violation of 42 U.S.C. § 1983, and **DISMISSES** Count One **WITH PREJUDICE** as to both Neal and the City of Fairmont;

2.  **GRANTS** the motion of defendant Swisher to dismiss **Count One**, violation of 42 U.S.C. § 1983,and **DISMISSES** that claim **WITH PREJUDICE** as to defendant Swisher;

27

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS DONALD NEAL AND CITY OF
FAIRMONT'S MOTION TO DISMISS [DKT. NO. 35] AND GRANTING
IN PART AND DENYING IN PART DEFENDANT THE HONORABLE
AMY J. SWISHER'S MOTION TO DISMISS [DKT. NO. 33]**

3.  **GRANTS** the motion of the defendants Neal and the City of Fairmont to dismiss **Counts Five and Six**, Negligence and Gross Negligence, and **DISMISSES** those claims **WITH PREJUDICE** as to defendants Neal and the City of Fairmont;

4.  **GRANTS** the motion of defendant Swisher to dismiss **Counts Five and Six**, Negligence and Gross Negligence, and **DISMISSES** those claims **WITH PREJUDICE** as to defendant Swisher;

5.  **GRANTS** the motion of the defendant City of Fairmont to dismiss **Count Nine**, Imputation of Conduct, and **DISMISSES** that claim **WITH PREJUDICE** as to defendant City of Fairmont;

6.  **DENIES** the motion of defendant Swisher to dismiss **Count Eight**, Conspiracy;

7.  **DENIES** the motion of defendant Neal to dismiss **Count Eight**, Conspiracy;

8.  **GRANTS** the motion of defendant City of Fairmont to dismiss all claims against it for **punitive damages**, and **DISMISSES** those claims **WITH PREJUDICE** as they pertain to the City of Fairmont;

9.  **DENIES** the motion of defendant Neal to dismiss claims for **punitive damages** as they pertain to the state law claims

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS DONALD NEAL AND CITY OF
FAIRMONT'S MOTION  TO DISMISS [DKT. NO. 35] AND GRANTING
IN PART AND DENYING IN PART DEFENDANT THE HONORABLE
AMY J. SWISHER'S MOTION TO DISMISS [DKT. NO. 33]**

against him.

In conclusion, all claims against the City of Fairmont are

**DISMISSED WITH PREJUDICE** and it no longer remains a party to this

action. The following claims remain against the defendants Swisher

Neal in their individual capacities only:

• **Count Two:**     Malicious Prosecution

• **Count Three:**   Abuse of Process

• **Count Four:**    False Imprisonment

• **Count Seven:**   Intentional Infliction of Emotional Distress

• **Count Eight:**   Conspiracy

• **Punitive Damages**

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this

Memorandum Opinion and Order to counsel of record.

DATED: August 12, 2016

                              /s/ Irene M. Keeley
                              IRENE M. KEELEY
                              UNITED STATES DISTRICT JUDGE